NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020
Decided January 27, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1104

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> MARIO CAVIEDES-ZUNIGA, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:15-CR-00197(1) <br><br> Robert W. Gettleman, *Judge*. |

**O R D E R**

Mario Caviedes-Zuniga pleaded guilty to distributing 140 grams of heroin. 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced to 111 months' imprisonment and four years of supervised release. Caviedes-Zuniga appealed, but his lawyer now moves to withdraw, arguing that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Caviedes-Zuniga did not file a response raising potential issues for appeal, *see* CIR. R. 51(b), but he apparently apprised counsel of the arguments he wants raised on his behalf. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to raise. Because the analysis appears thorough, we limit our review to those issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Between April 2010 and August 2013, Caviedes-Zuniga was involved in four drug transactions between Colombia (where he lived at the time) and Chicago, each involving a large quantity of heroin or methamphetamine. Unbeknownst to him, one of the people he coordinated with in Chicago was working for law enforcement. In April 2015, Caviedes-Zuniga was charged with four counts of either distributing or attempting to distribute controlled substances. *See* 21 U.S.C. §§ 841(a)(1) and 846. A month later, he was arrested in Colombia and detained for 9 months in Bogotá until his extradition.

Eventually, Caviedes-Zuniga's lawyer filed a motion to dismiss the indictment based on alleged prosecutorial misconduct. That motion primarily concerned the interaction between this case and a separate prosecution of Caviedes-Zuniga in the Southern District of Florida for counterfeiting money. He alleged that he had cooperated in the Florida case with a special agent, who told him not to talk to the authorities in Chicago (to his detriment in negotiating a deal). Caviedes-Zuniga had at that point been in pre-trial custody for over three years with no trial in sight.

Before the district court ruled on the motion to dismiss, Caviedes-Zuniga decided to plead guilty. At the change-of-plea hearing, the district court found that Caviedes-Zuniga had knowingly and voluntarily pleaded guilty and accepted the plea. A week after entering his guilty plea, Caviedes-Zuniga sought to withdraw it. After conferring with counsel, however, he moved to withdraw both his motion to rescind his plea and his motion to dismiss the indictment. The district court deemed the motions withdrawn, and the case proceeded to sentencing.

Counsel first explores whether Caviedes-Zuniga could challenge his conviction. He consulted with Caviedes-Zuniga regarding the risks and benefits of a challenge to the guilty plea and determined that Caviedes-Zuniga wants to withdraw his plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because Caviedes-Zuniga ultimately stood by his guilty plea when he rescinded his motion to withdraw it, we would review a challenge for plain error. *See United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010); *Doe v. United States*, 51 F.3d 693, 700–01 (7th Cir. 1995).

Counsel considers arguing that the plea was not knowing or voluntary because, in the only deviation from the colloquy required by Federal Rule of Criminal Procedure 11, the court did not inform Caviedes-Zuniga that it could impose restitution or enter a forfeiture judgment. *See* FED. R. CRIM P. 11(b)(1)(J), (K). But we agree with

counsel that a challenge on these grounds would be fruitless because the court did not order restitution or forfeiture of property.

Next, counsel considers but rightly declines to raise three arguments that Caviedes-Zuniga believes should vitiate his guilty plea. First, Caviedes-Zuniga, who speaks limited English, says that he did not understand what was happening at his change-of-plea hearing and instead was simply responding "yes" during the Rule 11 colloquy. But this argument contradicts his statements at the hearing, where Caviedes-Zuniga acknowledged that he understood the translation of the proceedings and that his attorney had explained, and he understood, everything in his plea agreement. He even spoke up when he did not understand something, prompting the court to rephrase its explanation in a way that he said he understood. Thus, to argue that he did not understand the proceeding, Caviedes-Zuniga would have to assert that he perjured himself in the district court—an argument that may be dismissed out of hand. *See Thompson v. United States*, 732 F.3d 826, 829–30 (7th Cir. 2013).

Caviedes-Zuniga also wants his lawyer to argue that the district court promised him a time-served sentence if he pleaded guilty. But, as counsel points out, the record does not support this assertion. Instead, the court told Caviedes-Zuniga that the length and circumstances of his pre-trial detention would be mitigating factors at sentencing, but that nobody could guarantee him a particular sentence. Finally, Caviedes-Zuniga contends that his lawyer lied to him to get him to plead guilty, but any claim of ineffective assistance of counsel would be more appropriate for collateral review. *See Massaro v. United States*, 538 U.S. 500, 503–06 (2003); *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014).

Finally, as we say in the published decision issued contemporaneously with this order, counsel correctly declines to discuss potential challenges to the sentence because, after consultation with counsel about the risks and benefits, Caviedes-Zuniga determined he does not wish to challenge his sentence on appeal.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.